**LAW OFFICES OF RONALD A. MARRON**
ALEXIS WOOD (NV SBN 11523; CA SBN 270200)
*alexis@consumersadvocates.com*
RONALD A. MARRON (CA SBN 175650)
*ron@consumersadvocates.com*
KAS GALLUCCI (CA SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER STEPHENS and CHRISTOPHER GULLEY, on behalf of themselves, and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>COMENITY, LLC dba COMENITY BANK,<br><br>            Defendant. | Case No.:<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*** <br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Jennifer Stephens and Christopher Gulley ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Comenity, LLC dba Comenity Bank ("Comenity" or "Defendant"), in negligently, and/or willfully contacting Plaintiffs through telephone calls on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiffs allege as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

2. Defendant Comenity is an Ohio-based corporation which manages credit programs for various retailers in the U.S.

3. In an attempt to collect on alleged debts owed, Comenity routinely contacts alleged debtors through telephone calls with automatic telephone dialing equipment. However, when Comenity is unable to reach the alleged debtors by a telephone number provided by the debtor, Comenity resorts to locating new numbers on its own through unreliable skip tracing methods or through number trapping – a number that it necessarily lacks express consent to call. Unfortunately, as a result of this business practice, Comenity regularly makes calls to cellular telephone numbers, without consent, in violation of the TCPA. Additionally, after being warned of an incorrect intended recipient of the call or advised to no longer call, Comenity continues to make calls to wrong numbers.

4. The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

5. Comenity's violations caused Plaintiffs and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that

necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

6. Plaintiffs seek an injunction stopping Comenity from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will include class members residing in different states than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

9. Venue is proper in the United States District Court for the Southern District of Nevada pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in Las Vegas, Nevada, and a substantial part of the events giving rise to the claims, mainly Plaintiffs' receipt of the phone calls, occurred in this jurisdiction. Venue is additionally proper because Plaintiff Stephens resides within this District.

## PARTIES

10. Plaintiff Jennifer Stephens is, and at all times mentioned herein was, a resident of the State of Nevada. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff Christopher Gulley is, and at all times mentioned herein was, a resident of the State of Arkansas. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant Comenity is a corporation organized and existing under the laws of the State of Ohio with a registered agent located at 1300 East Ninth Street, Cleveland, OH 44114. Comenity is a "person" as defined by 47 U.S.C. § 153 (39).

13. Amerigroup actively conducted and continues to conduct telemarketing campaigns for the purpose of soliciting its business.

14. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Nevada and in the City of Las Vegas, and within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.***

15. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

18.     The Ninth Circuit has noted that "[e]xpress consent is "[c]onsent that is clearly and unmistakably stated.'" *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946,955 (9th Cir. 2009).

19.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

20.     On July 10, 2015 the FCC released a Declaratory Ruling wherein it was confirmed that even if a consumer originally did provide "prior express consent" that caller has a right to revoke consent, using any reasonable method, including orally or in writing.[6]

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (F.C.C. 2003) ("2003 FCC Order").

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 15-72 (FCC July 10, 2015) available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order   (last visited on April 18, 2016)

## FACTUAL ALLEGATIONS

21. Plaintiff Jennifer Stephens does not have any credit cards associated with Defendant and has never provided Defendant with her cellular phone number.

22. However, despite having no account with Defendant, beginning in or around January 2017, Plaintiff Jennifer Stephens began receiving unsolicited phone calls from Defendant to her wireless phone, for which Plaintiff Jennifer Stephens provide no consent to call, attempting to collect on an alleged Victoria Secret debt owed by her adult daughter.

23. Among other unsolicited calls from Defendant, Plaintiff Jennifer Stephens has received calls on January 20, 2017 from the number 303-255-5000, January 26, 2017 from the number 208-635-7403, February 7, 2017 from an unknown number, February 10, 2017 from the number 855-334-4197 and on February 16, 2017 from the number 855-334-4197. These numbers are owned by Defendant.

24. When answered, during each of these calls there was prolonged silence and delays prior to being connected to a live representative.

25. Plaintiff requested that Defendant stop calling her on her cellular phone and that Defendant had the wrong number, however the calls continued.

26. Like Plaintiff Jennifer Stephens, Plaintiff Christopher Gulley does not have any credit cards associated with Defendant and has never provided Defendant with his cellular phone number.

27. However, despite having no account with Defendant, beginning in or around September 2016, Plaintiff Christopher Gulley began receiving unsolicited phone calls from Defendant to his wireless phone, for which Plaintiff Christopher Gulley provide no consent to call, attempting to collect on an alleged Roman's debt owed by someone named Trya, an individual Plaintiff Christopher Gulley has no relation.

28. Among other unsolicited calls from Defendant, Plaintiff Christopher Gulley has received calls on September 27, 2016, September 30, 2016, three calls on November 13, 2016, three calls on November 14, 2016, three calls on November 15, 2016, five calls on November 16, 2016, and three calls on November 17, 2016. The calls have come in from the numbers (913) 312-9502, (913) 312-5191 and (913) 312-9502, numbers owned by Defendant.

29. When answered, during each of these calls there was prolonged silence and delays prior to being connected to a live representative.

30. Plaintiff requested that Defendant stop calling him on his cellular phone and that Defendant had the wrong number, however the calls continued.

31. These unsolicited phone calls placed to the Plaintiffs wireless telephones were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiffs' cellular telephone.

32. The existence of this ATDS is further evidence by the sheer volume of calls received by both Plaintiffs. Defendant could only make such calls using such automated equipment.

33. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which both Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

34. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Neither Plaintiff provided Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

36. These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

38. Plaintiffs represent, and are members of the Class, consisting of all persons within the United States who: (1) received a telephone call from Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or prerecorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint through the date of final approval.

39. Defendant and its employees or agents are excluded from the Class.

40. Plaintiffs do not know the exact number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

42. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact with respect to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice system, to any telephone number assigned to a cellular telephone service;

   b. Whether the equipment Defendant or its agents used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. Whether Defendant or its agents systematically made telephone calls to persons featuring an artificial or prerecorded voice;

   d. Whether Defendant or its agents systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

   e. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations; and

   f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. As a person that received at least one unsolicited telephone call to their cell phones without prior express contest, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

46. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

47. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49. This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiffs challenge

to those practices hinge on Defendant's conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiffs.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 *ET SEQ.*

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Each such telephone call described herein was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

52. The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 *ET SEQ.*

55. Plaintiffs incorporate by reference the above paragraphs 1 through 54 inclusive, of this Complaint as though fully stated herein.

56. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

57. The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully requests the Court to grant Plaintiffs and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

60. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

62. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 ET SEQ.

63. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

64. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

65. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  March 6, 2017

/s/ Alexis M. Wood
By: Alexis M. Wood
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS WOOD
KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665