Joel E. Tasca
Nevada Bar No. 14124
Lindsay Demaree
Nevada Bar No. 11949
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-mail:  tasca@ballardspahr.com
E-mail:  demareel@ballardspahr.com

*Attorneys for Defendant/Third-Party Plaintiff ComenityLLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER STEPHENS and CHRISTOPHER GULLEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>COMENITY LLC dba COMENITY BANK,<br><br>        Defendant. | CASE NO. 2:17-cv-00670-MMD-NJK<br><br><br><br><br><br><br><br>**THIRD PARTY COMPLAINT** |
| COMENITY LLC,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>JACKIE WASOWICZ, an individual,<br><br>        Third-Party Defendant. | |

Defendant/Third Party Plaintiff, Comenity LLC, brings this action against Third Party Defendant Jackie Wasowicz ("Wasowicz"), pursuant to Federal Rules of Civil Procedure 14(a)(1) and 18(a), and alleges:

## Parties

1. Comenity LLC is a Delaware limited liability company that is wholly-owned by ADS Alliance Data Systems, Inc., a Delaware corporation with its principal place of business in Texas. Comenity LLC's principal place of business is in Ohio.

2. Wasowicz is an individual residing in Las Vegas, Nevada and is a citizen of the State of Nevada.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over Comenity LLC's third party claims for equitable and implied contractual indemnification, breach of contract, fraud and negligent misrepresentation pursuant to 28 United States Code § 1332 since Comenity LLC is diverse in citizenship from Wasowicz and more than $75,000, exclusive of interest and costs, is in controversy.

4. This Court also has supplemental jurisdiction for all of Comenity LLC's claims against Wasowicz pursuant to 28 U.S.C § 1367(a), because Plaintiffs Jennifer Stephens' Complaint against Defendant Comenity LLC raises a federal question, and the claims herein are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. The Court has personal jurisdiction because a substantial portion of the acts or omissions giving rise to Wasowicz's liability occurred in Nevada.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Wasowicz is subject to personal jurisdiction in this district.

## General Factual Allegations

7. Comenity Bank, a wholly owned subsidiary of Comenity LLC (hereinafter, "Comenity"), issues private label credit cards.

8. On or about August 3, 2015, Wasowicz opened a Victoria's Secret-branded credit card account with Comenity Bank (the "Account").

9. In connection with the Account, Wasowicz entered into an account agreement (the "Account Agreement") that allows her to use the Account to make purchases. Wasowicz agreed to the terms of the Account Agreement by using her Comenity credit card.

10. The Account Agreement provides, and Wasowicz thereby agreed, that Comenity could contact Wasowicz by various means, including the use of auto dialer systems, about the Account by calling or texting any telephone numbers she provided.

11. The ability to contact Wasowicz through valid telephone numbers for which she was the subscriber or customary user is one of Comenity's bargained-for benefits under the Account Agreement.

12. Wasowicz provided Comenity with, among other phone numbers, a phone number (the "Subject Number") that her mother, Plaintiff Jennifer Stephens ("Stephens"), contends belongs to her.

13. Wasowicz represented that Comenity could legally contact her at the Subject Number.

14. Comenity relied on Wasowicz's representation.

15. Comenity reasonably concluded that Wasowicz was the subscriber or customary user of the Subject Number.

16. Comenity attempted to contact Wasowicz at the Subject Number to discuss the Account.

17. On March 6, 2017, Stephens filed a Class Action Complaint against Comenity in the United States District Court for the District of Nevada, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

1   18.   Stephens alleges that Comenity contacted her on the Subject Number in an attempt to collect a debt owed by Wasowicz, her daughter.

19.   Stephens alleges that calls were placed using an "automatic telephone dialing system" and left messages using an "artificial or prerecorded voice."

20.   Stephens alleges that Comenity made calls to the Subject Number in violation of the TCPA.

21.   If Stephens prevails, Wasowicz's acts or omissions will be the proximate cause of Comenity's damages which will exceed $75,000.

## Count One

### (Indemnification)

22.   Comenity re-alleges and incorporates all preceding paragraphs.

23.   The Federal Communications Commission interprets "called party" for the purposes of determining who can express consent under the TCPA as either the "current subscriber or customary user" of a telephone number, including "individuals who might not be the subscriber, but who, *due to their relationship to the subscriber*, are the number's customary user and can provide prior express consent." 2015 FCC Order, 15-72 FCC Rcd. at 40–41, ¶¶ 73–75 (emphasis added).

24.   Wasowicz agreed, warranted, promised and represented that she could be legally contacted as the subscriber or customary user of the Subject Number.

25.   Comenity relied upon these representations in opening the Account, maintaining the Account and in attempting to contact Wasowicz.

26.   Comenity's reliance was reasonable.

27.   Comenity's alleged liability to Stephens is solely derived from Wasowicz's actions in that she provided to Comenity and thereby authorized it to call the Subject Number to contact her regarding the Account.

28.   The damages Stephens alleges in her Complaint, if any, are a direct result of Wasowicz's acts or omissions.

29.   Comenity is without fault in causing Stephens' alleged damages.

4

DMEAST #29262247 v6

30. Should Stephens be awarded any sums, including any damages, costs or attorneys' fees against Comenity, any such liability on the part of Comenity results from the acts or omissions of Wasowicz.

31. Accordingly, Wasowicz should be held to indemnify Comenity for all amounts for which Comenity may be liable to Stephens, including any damages, costs, attorneys' fees, or any other sums Comenity is assessed, as well as to pay for the costs and fees incurred by Comenity in defending Stephens' lawsuit and costs and fees incurred in pursuing indemnification from Wasowicz.

## Count Two

### (Breach of Contract)

32. Comenity re-alleges and incorporates all preceding paragraphs.

33. The Account Agreement is a valid and enforceable contract.

34. Pursuant to the Account Agreement, Wasowicz consented to Comenity contacting her about the Account by calling or texting the Subject Number.

35. Wasowicz warranted, promised and represented that the Subject Number was a valid contact number for which she was the subscriber or customary user.

36. Comenity's alleged liability to Stephens is premised on the theory that Wasowicz did not constitute a "called party" capable of expressing consent under the TCPA.

37. Should Stephens be awarded any sums, including any damages, costs or attorneys' fees against Comenity, any such award will constitute conclusive proof that Wasowicz breached the Account Agreement by providing Comenity with a telephone number with respect to which she was neither the subscriber nor customary user.

38. Accordingly, Wasowicz should be held liable for any and all damages awarded Stephens under the TCPA, including any costs and attorneys' fees assessed

DMEAST #29262247 v6

against Comenity, as consequential damages arising directly from Wasowicz's breach of contract.

## Count Three

### (Fraud)

39. Comenity re-alleges and incorporates all preceding paragraphs.

40. Having valid and legal contact information for Wasowicz is material to Comenity under the Account Agreement.

41. Wasowicz warranted, promised and represented that she was the subscriber or a customary user of the Subject Number.

42. Wasowicz gave Comenity express consent to contact her at the Subject Number.

43. Accordingly, Stephens can only prevail in her claims under the TCPA if Wasowicz's representation to Comenity was false and Wasowicz was not capable of expressing consent with respect to the Subject Number.

44. Assuming Stephens' allegations are true, Wasowicz knew or should have known that she was not the subscriber nor the customary user of the Subject Number.

45. Wasowicz provided the Subject Number for the express purpose of serving as a valid number for Comenity's future communication with Wasowicz regarding the Account.

46. Wasowicz intended to induce Comenity to use the Subject Number for that purpose.

47. Assuming Stephens' allegations are true, Comenity was unaware that Wasowicz, Stephens' daughter, was neither the subscriber nor the customary user of the Subject Number.

48. Comenity's reliance on Wasowicz's representation was reasonable.

49. If Stephens prevails on the TCPA claims alleged in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the

DMEAST #29262247 v6

1 consequential and proximate result of Comenity's reasonable reliance on Wasowicz's
2 misrepresentation regarding the Subject Number.

3     50. Accordingly, Wasowicz should be held liable for any and all damages
4 awarded to Stephens under the TCPA, including any costs and attorneys' fees
5 assessed against Comenity.

Count Four

(Negligent Misrepresentation)

    51. Comenity re-alleges and incorporates all preceding paragraphs.

    52. Assuming Stephens' allegations are true, Wasowicz, in the course of her dealings with Comenity under the Account Agreement, provided Comenity false information about the Subject Number, including the false representation that Wasowicz was an the subscriber or the customary user of the Subject Number.

    53. Wasowicz intended, or could reasonably foresee, that Comenity would rely on the aforementioned representation

    54. Assuming Stephens' allegations are true, Wasowicz failed to exercise reasonable care.

    55. Comenity's reliance on Wasowicz's representations was reasonable.

    56. If Stephens prevails on the TCPA claims alleged in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the consequential and proximate result of Comenity's reasonable reliance on Wasowicz's negligent misrepresentation regarding the Subject Number.

    57. Accordingly, Wasowicz should be held liable for any and all damages awarded Stephens under the TCPA, including any costs and attorneys' fees assessed against Comenity.

*[Continued on following page.]*

## Prayer for Relief

WHEREFORE, Third Party Plaintiff Comenity prays for judgment against Wasowicz as follows:

A. For compensatory and consequential damages in an amount in excess of $75,000 to be proven at trial;

B. For pre- and post-judgment interest on the foregoing sums at the highest rate permitted by law;

C. For the costs incurred in bringing this third party action, including reasonable attorneys' fees;

D. For the costs incurred in defending against the Class Action Complaint filed by Plaintiff Stephens, including reasonable attorneys' fees;

E. For all other relief the Court deems just and proper under the circumstances.

Dated:  April 25, 2017.

Ballard Spahr LLP

By: /s/ Joel E. Tasca
Joel E. Tasca
Nevada Bar No. 14124
Lindsay Demaree
Nevada Bar No. 11949
100 North City Parkway
Suite 1750
Las Vegas, Nevada 89106

*Attorneys for Defendant/Third-Party Plaintiff Comenity LLC*

8

DMEAST #29262247 v6

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2017, a copy of the above THIRD PARTY COMPLAINT was served via the Court's CM/ECF filing system to all counsel of record listed below:

Alexis M. Wood, Esq.
Kas L. Gallucci, Esq.
Ronald A. Marron, Esq.
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103

*Attorneys for Plaintiffs*

/s/ Mary Kay carlton
An Employee of Ballard Spahr LLP

DMEAST #29262247 v6