**LAW OFFICES OF RONALD A. MARRON**
ALEXIS WOOD (NV SBN 11523; CA SBN 270200)
*alexis@consumersadvocates.com*
RONALD A. MARRON (*pro hac vice*)
*ron@consumersadvocates.com*
KAS GALLUCCI (*pro hac vice*)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER STEPHENS and CHRISTOPHER GULLEY on behalf of themselves, and all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>COMENITY, LLC dba COMENITY BANK,<br><br>        Defendant. | Case No.: 2:17-cv-00670-MMD-NJK<br><br>**PLAINTIFFS JENNIFER STEPHENS AND CHRISTOPHER GULLEY'S NOTICE OF MOTION & MOTION TO STRIKE OR ALTERNATIVELY SEVER THE THIRD PARTY COMPLAINT<br>& MOTION TO STAY FILING OF RESPONSIVE PLEADING** |
| COMENITY LLC,<br><br>        Third-Party Plaintiff,<br>    v.<br><br>JACKIE WASOWICZ, an individual<br><br>        Third-Party Defendant. | |

PLEASE TAKE NOTICE that Plaintiffs Jennifer Stephens and Christopher Gulley ("Plaintiffs"), by and through their undersigned counsel, will move for an Order striking the third-party action against Jackie Wasowicz ("Ms. Wasowicz") pursuant to Rules 12(f) and 14(a) of the Federal Rules of Civil Procedure. The grounds for this Motion are that the Third Party Complaint ("TPC") filed by Comenity LLC ("Comenity"), does not claim that Ms. Wasowicz is or may be liable to Comenity for all or part of Plaintiffs' claims against Comenity. Instead, the TPC raises a separate action for damages allegedly suffered by Comenity. There is no provision under Rule 14 or elsewhere that provides Comenity the authority to make these claims against Ms. Wasowicz through a third party complaint in this case. Therefore, the TPC should be stricken as it is immaterial, impertinent, and fails to state a claims that meets the requirements of Rule 14(a).

In the alternative, Plaintiffs request that the claims against Ms. Wasowicz be severed or be heard in a separate trial in accordance with Rule 14(a). Additionally Plaintiffs request that the third party proceedings be staying pending the outcome of this present motion to spare Ms. Wasowicz the burden of filing a responsive pleading at this stage of litigation.

Dated:  May 18, 2017

By: *s/ Alexis M. Wood*
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

Kevin L. Hernandez
LAW OFFICE OF KEVIN L. HERNANDEZ
2510 Wigwam Parkway, Suite 206

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Henderson, Nevada 89074
Telephone: (702) 563-4450
Facsimile: (702) 552-0408

***Attorneys for Plaintiffs and the Proposed Class***

2

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Jennifer Stephens and Christopher Gulley ("Plaintiffs") submit the following Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike or Alternatively Sever the Third Party Complaint ("Motion") of Third-Party Plaintiff Comenity LLC ("Comenity") and Motion to Stay the Filing of a Responsive Pleading on Behalf of Jackie Wasowicz.

## I. INTRODUCTION

In its Third Party Complaint (Docket Entry No. 20), Comenity attempts to evade liability for its violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), by placing it on Plaintiff Stephens' daughter, Jackie Wasowicz ("Ms. Wasowicz"). Essentially, Comenity seeks to convince the Court that "it was Ms. Wasowicz, not me" who is responsible for the harassing phone calls made to Plaintiff Stephens, in violation of the TCPA. Yet it was Comenity who made harassing and unsolicited calls to both Plaintiff Stephens and Plaintiff Gulley as well as the putative class members. Ms. Wasowicz purportedly provided Plaintiff Stephens' cell phone number in connection with a Victoria Secret credit card account with Comenity. *See* Third Party Complaint ("TPC"), ¶¶ 8-12. While the TPC contains multiple allegations about Ms. Wasowicz's consent to be contacted, it is devoid of any allegations that Plaintiff Stephens herself consented to receiving calls to her cell phone. The TCPA - a strict liability statute - squarely places the burden of obtaining (and proving) consent on a defendant. Thus, regardless of Ms. Wasowicz's actions, it is Comenity who is liable to Plaintiff Stephens as well as Plaintiff Gulley and the putative class for violating the TCPA.

Given this fact, the true purpose of Comenity's TPC is as clear as it is improper: to intimidate Plaintiff into dropping her class action claims by going after her daughter. However, since Comenity's third-party allegations are not a derivative of Plaintiffs' and the putative classes' claims, the addition of a third-party defendant

3

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

would only serve to confuse the issues and detract from what this case is really about - Comenity's harassing, autodialed telephone calls to cell phones across the country.

## II. FACTUAL BACKGROUND

This nationwide class action concerns the illegal actions of Comenity in violation of the TCPA. The complaint alleges Comenity negligently and/or willfully contacted Plaintiffs Jennifer Stephens and Christopher Gulley through unsolicited phone calls to their cellular telephones without their consent, thereby violating the TCPA and invading the Plaintiffs' privacy. *See* Complaint, (Dkt. No. 1).

The claims in Comenity's TPC only specifically refer to Plaintiff Jennifer Stephens, who despite having no account with Comenity or any prior relationship, began receiving harassing and unsolicited phone calls to her wireless phone in or around January of 2017. *See* Complaint, ¶ 22. Although Ms. Stephens attempted to stop the harassing calls by requesting that Comenity cease communication with her and advising that she was not the intended recipient, Comenity continued the harassing and unsolicited phone calls to her cellular telephone. *See* Complaint, ¶ 25.

## III. STANDARD UNDER RULE 14

The Federal Rules of Civil Procedure allow a defendant to implead third-parties under limited circumstances. The rule provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1) (emphasis added). "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). However, "[t]his rule should be liberally construed to accomplish its purpose, **but it is not a catchall for independent litigation**. *U. S. Fid. & Guar. Co. v. Perkins*, 388

4

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

F.2d 771, 773 (10th Cir. 1968) (emphasis added). In addition, "[t]his rule is an important procedural reform for purpose of avoiding delay and needless multiplicity of actions, and hence should be liberally construed, **but not in such way as to permit a practice which transcends limits of federal jurisdiction**." *Baltimore & O. R. Co. v. Saunders*, 159 F.2d 481, 484 (4th Cir. 1947) (emphasis added).

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 450 SEL, VIN 11603302064538, 708 F.2d 444, 452 (9th Cir. 1983). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Id.* For a claim to be derivative,

> …. the non-party must be potentially liable *to the third party plaintiff*. Second, the non-party's liability *must relate to the plaintiff's claim against the defendant/third party plaintiff* such that the third party defendant's liability arises only if the defendant/third-party plaintiff is first held liable to plaintiff.

*Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 3:10-CV-1597, 2011 WL 1048964, at *3 (D.S.C. Mar. 21, 2011). Third-party complaints are not permissible "merely because [the third-party defendant] may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3 (1978).

> [A] third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff."

*Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). Thus, according to the plain language of

5

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

the rule, third party actions under Rule 14 are restricted to derivative or secondary claims.

Moreover, in addition to the requirement that liability must be derivative, the overall effect of adding proposed parties must be considered. Additionally, when considering a request to strike or to sever a third-party claim, the court may properly consider the effect the additional parties and claims will have on the adjudication of the main action, in particular, whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way. *In Zero Tolerance Entm't, Inc. v. Ferguson,* 254 F.R.D. 123, 125 (C.D. Cal. 2008). As discussed below, complication and confusion (together with intimidation) are exactly what Comenity intends.

## IV.   ARGUMENT

### A.   THE TCPA

By way of background, in 1991, Congress enacted TCPA. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to any wireless number in absence of an emergency or the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii). According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because Congress found that automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

The TCPA provides for a private right of action and permits a party to recover actual monetary loss for a violation of § 227(b)(1)(A), "or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 374 (2012). "The TCPA is essentially **a strict liability statute** which imposes liability for erroneous unsolicited [calls]." *Alea*

6

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

*London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011) (emphasis added) (quoting *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1311 (11th Cir. 2008)). "The TCPA does not require any intent for liability except when awarding treble damages." *Alea London Ltd.,* 638 F.3d at 776. Section 227(b)(3) provides, "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). "Importantly though, the intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd.,* 638 F.3d at 776.

In 2008, the FCC released a declaratory ruling in which it discussed the application of § 227(b)(1)(A) to creditors and debt collectors who use automatic dialing systems to contact debtors, as Comenity did in this case. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999,* F.C.C. 07–232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008). In that ruling the FCC held:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

*Id.* at 564. The FCC also addressed a defendant's burden of proving consent:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed. To

7

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, <u>we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such, consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.</u> Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*Id.* at 565 (emphasis added).

### B. THERE IS NO DERIVATIVE POTENTIAL AND THE THIRD-PARTY COMPLAINT SHOULD BE STRIKEN

***1. Ms. Wasowicz is not subject to the TCPA; nor can Ms. Wasowicz's innocent actions indemnify Comenity for its violations to Plaintiffs and the Putative Class of a Strict Liability Statute.***

In its TPC, Comenity fails to allege that Ms. Wasowicz is liable to it "for all or part of [Plaintiffs'] claim against it" as required by Federal Rule of Civil Procedure 14(a). Rather, it simply alleges that the liable party is Ms. Wasowicz. This type of third-party complaint is not permissible, and ignores the fact that Ms. Wasowicz is not subject to the TCPA and could not herself have violated it. The TCPA was intended to protect individuals from receiving unsolicited calls and to deter callers from using automatic dialing systems and prerecorded messages in an unregulated fashion. *Olney v. Progressive Cas. Ins. Co.,* 993 F. Supp. 2d 1220, 1224 (S.D. Cal. 2014); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) ("The TCPA was enacted to 'protect the privacy interests of residential

8

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers.'") (citing S.Rep. No. 102–178, at 1 (1991), 1991 U.S.C.C.A.N. 1968; *see also Adamcik v. Credit Control Servs., Inc.,* 832 F. Supp. 2d 744, 754, n. 15 (W.D. Tex. 2011) (observing that Congress intended statutory fines in TCPA as measure to deter violations).

Thus, the TCPA was not intended as a means to "point fingers" as to the reason **why** a cellular number was called in violation of the statue, but rather to provide a means to deter the use of automated dialing systems unless used in compliance with TCPA. As a strict liability statute, the question of "why" the statute was violated is immaterial. Thus, even if Comenity's breach of contract, fraud, or negligent misrepresentation claims with regard to Ms. Wasowicz were true (they are not), it would not permit Comenity to dodge the Plaintiffs' TCPA allegations. *See Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,* 401 F.3d 876, 882, n. 3 (8th Cir. 2005); *cf. Soppet v. Enhanced Recovery,* 679 F.3d 637 (7th Cir. 2012) ("The Act makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The issue of intent, or more accurately, the issues of knowledge and willfulness, however, clearly are material to the question of treble damages"); *Olney v. Job.com, Inc*., No. 1:12-CV-01724-LJO, 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014).

### 2. *Ms. Wasowicz Is Not Liable for Comenity's Harassing Calls to Plaintiff Stephens.*

Comenity alleges in its TPC that Ms. Wasowicz entered into an account agreement for a Victoria's Secret branded credit card with Comenity in which she allegedly provided a phone number which belonged to her mother, Plaintiff Stephens. TPC, ¶ 12. Comenity thus admits that Plaintiff Stephens herself did not provide her cellular telephone number. Based on this reason alone – and no other - Comenity is attempting to point the finger at Ms. Wasowicz for Comenity's harassing phone calls

9

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

endured by Plaintiff Stephens and the proposed class. Comenity's TPC fails to specify the circumstances surrounding the use of Plaintiff's Stephens number. However, without allegations otherwise, the most plausible and likely scenario is that *if* Ms. Wasowicz provided her mother's number, it was provided for use as a reference in connection with her daughter's approval for a Comenity credit card – not a contact number for Ms. Wasowicz herself and especially not to be contacted repeatedly by a debt collector like Comenity.

To adequately state a negligent misrepresentation claim, Comenity "must link particular representations that [Ms. Wasowicz] allegedly made to the particular allegations as to why [Ms. Wasowicz was] without reasonable grounds for believing that these representations were true, ***and how the representations were intended to induce reliance.***" *Rice v. Sunbeam Prod., Inc.*, No. CV 12-7923, 2013 WL 146270, at *13 (C.D. Cal. Jan. 7, 2013) (emphasis added).

Comenity's TPC does not give any reason to believe that Ms. Wasowicz negligently made any false representations, breached any contract or committed fraud. Even if she had, however, it would not matter, because it would (at most) amount to implied consent. The TCPA requires **express** consent for creditors to contact cellular phone, ie., "[c]onsent that is clearly and unmistakably stated." *Satterfield,* 569 F.3d at 955.

Any cellular reference number purportedly provided by Ms. Wasowicz should have never been called by the use of an automatic telephone dialing system or by the use of artificial or prerecorded voice system as Ms. Wasowicz, the purported signatory of the agreement, can only provide consent for herself to be contacted. "Prior express consent" to be called on a cellphone via an ATDS regarding a particular debt is granted only in situations where a ***plaintiff provided <u>his</u> or <u>her</u> cell*** phone number to a creditor during the transaction that resulted in that particular debt. *See, e.g., Castro v. Green Tree Servicing LLC,* 959 F. Supp. 2d 698, 721 (S.D.N.Y. Aug. 14, 2013); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1242 (11th Cir.

10

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

2014) ("[O]ne can consent to a call only if one has the authority to do so, and only the subscriber (here, Osorio) can give such consent, either directly or through an authorized agent"); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C. Rcd. 559, 564–65 ("2008 Order") (stating that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party" and concluding that "the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt").

The case *Soppet v. Enhanced Recovery Co., LLC*, the leading authority on the issue of reassigned phone numbers, is instructive in regard to the issue of making calls to numbers which may not be assigned to the intended recipient (the case here) and provides that:

> Bill collectors need not abandon predictive dialers. Other options remain:
> 
> • Have a person make the first call (§ 227(b)(1) is limited to automated calls), then switch to a predictive dialer after verifying that Cell Number still is assigned to Customer.
> 
> • Use a reverse lookup to identify the current subscriber to Cell Number.
> 
> • Ask Creditor, who obtained Customer's consent, whether Customer still is associated with Cell Number—and get an indemnity from Creditor in case a mistake has been made. (Indemnity may be automatic under ¶ 10 of the *2008 TCPA Order,* which states that calls placed by a third-party collector on behalf of a creditor are treated as having been made by the creditor itself.)

*Soppet*, 679 F.3d at 642.  It is this system that could have, and should have, been utilized by Comenity in the underlying matter when making the initial call to Plaintiff Stephens.  Further, once Plaintiff Stephens advised Comenity that it was calling an

11

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

incorrect number, the call should have immediately stopped. Thus, Comenity's unwarranted attempt to point the finger at a third-party for its own failure to create and/or follow proper procedures is meritless.

### 3.     Plaintiff Stephens will Suffer Prejudice.

Should Comenity's TCP not be stricken, Plaintiff Stephens will suffer prejudice. By way of its TPC, Comenity is seeking to create a conflict for Plaintiff Stephens between herself and the third-party defendant, Ms. Wasowicz, her daughter. Having to balance a conflict between Plaintiff seeking remedies for her TCPA rights being violated and any alleged, at best, liability that Ms. Wasowicz has to Comenity for Comenity's conduct is not something that Plaintiff Stephens, and especially Plaintiff Gulley, should have to endure concurrently while prosecuting their claims. Comenity will suffer no harm whatsoever in having its TPC stricken. Should any liability be found on the part of the Comenity as to its automated calls to Plaintiff Stephens, Comenity can then seek any such redress against Ms. Wasowicz in a separate matter. In fact, given that Comenity's liability has not been determined as to Plaintiff's claims, it stands sound reason that Comenity's proposed TPC be later brought as no liability has been determined and thus Comenity's damages are speculative at best at this time. On this basis, this factor favors denying Comenity's motion.

### 4.     Comenity's Proposed Third Party Complaint Will Complicate Issues at Trial.

The TCPA is a rather straightforward consumer protection statute. The TCPA combats the threat to privacy being caused by the automated calling practices at issue by declaring that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

12

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—. . .

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added); *see also Kramer v. Autobytel, Inc*, 759 F. Supp. 2d. 1165, 1169-1171 (N.D. Cal. 2010).[1]

    The TCPA's prohibition at issue requires the calls to be made with an automated telephone dialing system ("ATDS"), which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random *or* sequential number generator; and (B) to dial such numbers" (47 U.S.C. § 227(a)(1) (emphasis added)), or with an artificial or prerecorded voice (*id.* at § 227(b)(1)(A)). "The TCPA violations, if any, occurred when the messages [or calls] were *sent* [or made]…" *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 295 (N.D. Cal. 2013).

    The Ninth Circuit has defined "express consent" to mean "clearly and unmistakably stated." *Satterfield*, 569 F.3d at 955. Prior express consent is an affirmative defense for which the defendant bears the burden of proof. *See Grant v. Capital Mgmt. Servs., L.P.,* 449 F. App'x 598, 600, n.1. (9th Cir. 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"); *Adams v. AllianceOne, Inc.,* No. 08-CV-248-JAH WVG, 2011 WL 2066617, at *2 (S.D. Cal. May 25, 2011).

---

[1] *See Satterfield*, 569 F.3d at 954 (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'").

13

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

In essence, at trial, the jury will be asked to determine: 1) if Comenity's telephone equipment constitutes an "automatic telephone dialing system"; and 2) whether Comenity utilized an "automatic telephone dialing system" to place its calls to Plaintiffs' and class members' respective cellular telephones. The only remaining issue would be whether Comenity can establish its affirmative defense that it had Plaintiffs' and the putative class members' prior express consent to place such calls.

However, creating a separate mini-trial as to Ms. Wasowicz alleged conduct, her subjective mindset, her intent in allegedly including Plaintiff Stephens' phone number in her credit card application will do nothing but complicate the issues at trial and likely confuse the jury as to the issues pertaining to Comenity's liability for violations of the TCPA against both Plaintiff Stephens and Gulley as well as the putative class. Further, practically speaking, it would be improper to allow Comenity's third party claims to be heard concurrently with the Plaintiffs' claims as Comenity would only be hypothetically entitled to relief from Ms. Wasowicz if Comenity is found to be liable to Plaintiffs and the class members in the first place. Allowing Comenity to present its case against Ms. Wasowicz in the same trial would not only confuse the jury as to the issues at hand, but would be a classic example of "putting the cart before the horse."

Further, the TPC asserts claims for breach of contract, indemnification, fraud and negligent misrepresentation. *See* Dkt. No. 20. In *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 125 (C.D. Cal. 2008), the court denied a defendant's motion for leave to file a third-party complaint, finding, among other things, that allowing the third-party complaint would unnecessarily complicate issues at trial. That case involved issues pertaining to copyright and trademark infringement. However, the TPC also injects such issues as breach of contract. The court found that, while the third-party breach of contract claim may have been tangentially related to the original plaintiff's copyright and trademark infringement claims, they were not

14

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

derivative to them. Rather, those claims were entirely different and independent from the claims of the original plaintiff. Specifically, the court found that:

> Similarly, the second factor, complication of issues at trial, also weighs heavily against impleader since the impleader raises new issues pertaining to the standard of legal practice and breach of contract, rather than copyright and trademark infringement; thus, it is indisputable that impleader would complicate the issues at trial.

*Zero Tolerance*, 254 F.R.D. at 127. Similarly, in the instant case, where the impleader raises new issues pertaining to breach of contract, fraud and misrepresentation, it is indisputable that impleader would complicate the issues at trial. To the extent that Comenity's claims against Ms. Wasowicz are in any way related to Plaintiff Stephens' TCPA claims—and Plaintiffs concede no such connection—that relation is tangential at best. More importantly however, Comenity's alleged claims against Ms. Wasowicz have no bearing on Plaintiff Gulley's claims or the putative classes' claims against Comenity. Thus, the breach of contract, indemnity, fraud and negligent misrepresentation issues raised in the TPC would clearly complicate issues at trial and are best pursued in a separate proceeding.

### 5. Comenity Has No Right to Equitable Indemnification.

A right of indemnity exists when "[a] party who is not at fault but nonetheless is held liable by reason of its relationship to another, such as an employer who is vicariously liable for the acts of his employee, may seek equitable indemnity." *SeaRiver Mar., Inc. v. Indus. Med. Servs., Inc.,* 983 F. Supp. 1287, 1298 (N.D. Cal. 1997). This standard dooms Comenity in the present case as it requires that Comenity be exonerated from any liability for Plaintiffs' harm. In other words, Comenity herein must be totally "innocent" from any wrongdoing. *Hydro-Air Equip., Inc. v. Hyatt Corp.,* 852 F.2d 403, 405 (9th Cir. 1988) ("[B]ecause indemnity shifts the burden of the entire loss from one party to another, it is often said that indemnity is not available in cases involving joint or concurrent tortfeasors having no legal

15

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

relationship to one another and each owing a duty of care to the injured party.") Here, it is Comenity who used autodialers to incessantly call individuals who did not consent in violation of the law. Comenity cannot point its finger to Ms. Wasowicz for these illegal actions.

### C.  IF THIS COURT CHOOSES NOT TO STRIKE THE THIRD PARTY COMPLAINT, THEN IT SHOULD INSTEAD BE SEVERED

Plaintiffs alternatively request that the TPC be severed from the original Complaint in order to proceed as a separate trial. Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party." It is within the district court's discretion whether to sever a claim so long as it is "discrete and separate." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (noting that a district court is vested with "broad discretion ... to make a decision granting severance"). In considering whether to sever a claim under Rule 21, a court considers the following factors:

> "(1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for the separate claims."

*SEC v. Leslie*, No. C 07–3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

The issues relating to Comenity and Ms. Wasowicz are not relevant the claims made by Plaintiffs and failure to sever would certainly risk confusion of the issues by the jury. Severance is particularly important in this case because the Plaintiffs seek to represent a proposed class of individuals who also received harassing phone calls

16

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

from Comenity. Comenity cannot possibly argue, nor does it allege in its TPC, that Ms. Wasowicz is liable for every phone call made to each putative class member. It is for that very reason in fact that Ms. Wasowicz could never be liable for an "excess of $75,000" as alleged in Comenity's prayer for relief. *See* Dkt. No. 20. Moreover, Ms. Wasowicz purported account with Comenity is irrelevant as to whether Comenity obtained prior express consent from each and every putative class member. Therefore, Comenity's third-party allegations must be severed, if not stricken altogether from this action.

The ruling in *Johnson v. M.I. Windows and Doors, Inc.* is instructive on this issue. No. 2:11-cv-0167, 2012 WL 1015798 (D.S.C. Mar. 23, 2012). In *Johnson*, the plaintiff brought a putative class action alleging that the defendant M.I. Windows and Doors, Inc. ("MIWD") defectively designed windows that were installed in her residence. *Id.* at *1. MIWD filed a third party complaint against two entities claiming that those third parties were involved in the development and design of the plaintiff's residence. *Id.* The *Johnson* Court rejected MIWD's equitable indemnification theory saying that it was an impermissible "it was him, not me'" theory of liability. *Id.* at *3. Additionally, the Court found that because the plaintiff brought a class action against MIWD, "it is very unlikely that the third party defendants were involved in the construction, design, or sale of many putative class members' homes" and that "issues regarding class certification will be largely irrelevant to the third party action." *Id.* Similarly here, Ms. Wasowicz's purported account with the Comenity is largely irrelevant to all of the putative class members' claims as to whether Comenity had prior express consent to call their cellular telephones. Thus, Comenity's TPC is for an improper purpose - made to intimidate Plaintiff Stephens from pursuing class action claims should be severed from the instant action.

17

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND/OR SEVER THIRD PARTY COMPLAINT

### D. MS. WASOWICZ SHOULD NOT HAVE TO FILE A RESPONSIVE PLEADING UNTIL AFTER THE RESOLUTION OF THIS MOTION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, of counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court should stay the third-party proceedings by allowing Ms. Wasowicz to only file a responsive pleading to Comenity's TPC if the instant motion to strike or sever is denied. Allowing Ms. Wasowicz to stay filing a responsive pleading at this time will spare Ms. Wasowicz the financial burden of retaining counsel until the issue of the viability of the third-party action is resolved. Furthermore, a stay of filing a responsive pleading will prevent a duplication of judicial efforts should Ms. Wasowicz chose to file a motion to dismiss that asserts similar arguments as those contained in the present motion.

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court strike Comenity's TPC. (Dkt. No. 20). Alternatively, Plaintiffs respectfully request this Court sever the third-party causes of action from the present lawsuit. Lastly, Plaintiffs request that this Court stay the third-party proceedings so that Ms. Wasowicz will not be forced to file a responsive pleading before the resolution of this Motion.

Dated:  May 18, 2017

By: *s/ Alexis M. Wood*
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006

18

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

Facsimile: (619) 564-6665

Kevin L. Hernandez
LAW OFFICE OF KEVIN L. HERNANDEZ
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
Telephone: (702) 563-4450
Facsimile: (702) 552-0408

*Attorneys for Plaintiffs and the Proposed Class*

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2017, a copy of the foregoing Motion and Memorandum in Support of Motion to Strike and/or Sever Third Party Complaint was filed and served via this Court's Case Management and Electronic Case Filing (CM/ECF) system pursuant to Fed. Civ. P. 5(b)(3) and Local Rule 5-4.

*/s/ Alexis M. Wood*
ALEXIS M. WOOD

19

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT