**LAW OFFICES OF RONALD A. MARRON**
ALEXIS WOOD (NV SBN 11523; CA SBN 270200)
*alexis@consumersadvocates.com*
RONALD A. MARRON (CA SBN 175650)
*ron@consumersadvocates.com*
KAS GALLUCCI (CA SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER STEPHENS and CHRISTOPHER GULLEY on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMENITY, LLC dba COMENITY BANK, <br><br><br><br> Defendant. | Case No.: 2:17-cv-00670-MMD-NJK <br><br> **PLAINTIFFS JENNIFER STEPHENS AND CHRISTOPHER GULLEY'S REPLY IN SUPPORT OF MOTION & MOTION TO STRIKE OR ALTERNATIVELY SEVER THE THIRD PARTY COMPLAINT & MOTION TO STAY FILING OF RESPONSIVE PLEADING** |
| COMENITY LLC, <br><br> Third-Party Plaintiff, <br> v. <br> JACKIE WASOWICZ, an individual <br><br> Third-Party Defendant. | |

1
2
3
4
5
6
7
8

Defendant Comenity LLC's ("Defendant" or "Comenity") opposition to Plaintiffs' Motion to Strike or Alternatively Sever the Third Party Complaint and Motion to Stay Filing of Responsive Pleading ("Motion") should be seen for what it is – a red herring not founded in law and an intimidation tactic to get Plaintiff Stephens to dismiss her case. Comenity attempts to distract the Court from the true problem with its Third-Party Complaint ("TPC") – that Ms. Wasowicz is not liable and cannot have liability passed to her for Comenity's negligent and willful violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*, the "TCPA").

9
10
11
12
13
14
15
16
17
18

The TCPA is a strict liability statute created to deter entities from harassing individuals with phone calls to their cellphones using automatic dialing machines without their consent. 47 U.S.C. § 227. Thus, Ms. Wasowicz cannot be held liable for Comenity's violations of the law. Was it Ms. Wasowicz who called Plaintiff Stephens in a harassing manner with autodialing equipment? No, that was Comenity. Was it Ms. Wasowicz who caused Comenity to continue placing harassing phone calls to Plaintiff Stephens even after Plaintiff Stephens informed Comenity it was calling the wrong number? No, that was Comenity. Was it Ms. Wasowicz who caused Comenity to use autodialing equipment and/or pre-recorded voice messages to place calls to non-consenting consumers or other non-debtor third parties? No, that was Comenity.

19
20
21
22
23
24
25
26
27

And what about Plaintiff Gulley – was Ms. Wasowicz the cause of the calls placed his cellphone? No, again that was Comenity. Also, recall that Plaintiff Gulley, like Plaintiff Stephens, also complained of receiving unsolicited calls to his cellphone in attempt to collect on an alleged Roaman's debt owed by someone named "Trya," an individual Plaintiff Gulley has no relation. Accordingly it must be asked, why didn't Comenity also file a complaint against Trya? The answer is simple – because Plaintiff Gulley would not be intimidated by Comenity's actions if it sued a random person he has no relation. Thus, Comenity's failure to also file a TPC against Trya exposes its true intentions behind the TPC – harassment, intimidation and to cause prejudice.

28

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

1    Thus, because Comenity's TPC lacks merit and its sole purpose is to cause prejudice

2    and delay the case, Plaintiffs' Motion must be granted.  Alternatively, should the Court be

3    inclined to deny Plaintiffs' Motion, Plaintiffs respectfully request a ruling be delayed until

4    after the receipt of outstanding discovery from Comenity and further briefing by the Parties

5    or that the Motion be denied without prejudice for refiling.

                            I.          BACKGROUND

7    In response to a barrage of unsolicited phone calls to their cellphones by Comenity

8    in attempt to contact people other than the Plaintiffs, Plaintiffs initiated the instant lawsuit

9    on behalf of themselves and a putative class.  The facts for both Plaintiffs are nearly

10   identical – they both received calls on their cellphones from Defendant via an autodialer

11   and/or prerecorded voice messages, the calls were in regarding to an alleged outstanding

12   debt that was not theirs and that they did not owe, they both told Defendant that it was

13   calling the wrong number and to stop calling them, and they both continued to received

14   calls after these explicit instructions.  Unfortunately, Plaintiffs are not unique in this

15   situation, as other consumers have attempted to prevent Comenity from this very same

16   behavior – harassing phone calls to cellphones without prior express consent using an

17   automatic telephone dialing system and by using artificial and prerecorded voices to make

18   the calls. *See Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-

19   BGS, 2017 WL 1885677, at *1 (S.D. Cal. May 9, 2017) (Plaintiffs filed a TCPA class

20   action alleging harassing phone calls and "neither of the Plaintiffs are themselves account

21   holders of credit cards that Defendants service; rather they are relatives of such

22   cardholders.").  Thus, by their lawsuit Plaintiffs seek injunctive relief and statutory

23   damages to prevent this from happening to others.

24   Following the service of the class action lawsuit, counsel representing themselves as

25   Defendant's counsel – David Kaminski of Carlson and Messer LLP with office in Los

26   Angeles, California, contacted Plaintiffs' counsel and requested the cellphone numbers for

27   the Plaintiffs at issue.  Declaration of Alexis M. Wood ("Wood Decl."), at ¶ 2.  In response,

28   Plaintiffs' counsel stated they would only provide the phones numbers if Defendant would

2

1    agree to a mutual exchange of information – Plaintiffs would provide the phone numbers
2    in exchange for the account notes showing the calls placed to the Plaintiffs.  Wood Decl.
3    at ¶ 3.   However, although Plaintiff's counsel provided the phone numbers at issue,
4    Defendant retained additional counsel whom are currently representing Defendant, and
5    documents pertaining to the Plaintiffs have yet to be provided, informally or otherwise.
6    Wood Decl. at ¶ 4. Thus, Plaintiffs were forced to wait to until formal discovery to seek
7    information that is regularly exchanged early (and usually informally) in a TCPA case.
8    Wood Decl. at ¶ 5.  Accordingly, on May 15, 2017, Plaintiffs served interrogatories and
9    requests for production of documents on Defendant.  Wood Decl. at ¶ 6.  Defendant's
10   responses would have been due on June 14, 2017, however, Defendant insisted it needed
11   additional time to respond.  *Id.*  Thus, Defendant received an extension, as a professional
12   courtesy, until June 28, 2017 to respond to Plaintiffs' discovery.  *Id.*

## II.     ARGUMENT

13   Comenity's TPC is an improper use of Rule 14 that fails as a matter of fact and law
14   and its only purpose is to confuse the issues, cause prejudice and delay Plaintiffs' case.
15   Thus, and as discussed further below, Plaintiffs' Motion must be granted.

### A. Comenity's TPC Fails as a Matter of Fact and Law.

17   In an attempt to pass liability to Ms. Wasowicz, Comenity's TPC fails two-fold.  As
18   to the facts, Plaintiffs have made allegations that they continued to receive calls even after
19   clear instructions that Defendant was calling the wrong number and to stop placing calls to
20   them in an attempt to reach someone else. Dkt. No. 1 at ¶¶ 21-30.  Thus, each call placed
21   after receiving "wrong number" or "do not call" instructions were made after Comenity had
22   actual acknowledge that it was contacting the wrong person, making Defendant fully (and
23   independently) liable for all calls.  Moreover, Defendant does not attempt to explain (or
24   otherwise allege) how Ms. Wasowicz could be responsible for any of these additional calls,
25   and could not do so without violating Rule 11.

27   Additionally, Plaintiff Stephens has made allegations that she does not have an
28   account with Defendant, has never provided her phone number to the Defendant, and has

3

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY
COMPLAINT

never provided express consent that Defendant may call her with an automatic telephone dialing system and/or prerecorded or artificial voice messages.  Dkt. No. 1 at ¶¶ 21-25.  In her Motion, she identified that the "most plausible and likely scenario is that *if* Ms. Wasowicz provided her mother's number, it was provided for use as a reference in connection with her daughter's approval for a Comenity credit card – not a contact number for Ms. Wasowicz herself and especially not to be contacted repeatedly by a debt collector like Comenity." Pls.' Mot. at 10.  Defendant fails deny this scenario.  Instead of denying the plausibility of the scenario or producing the actual contract showing where Plaintiff Stephens' cellphone number was placed (if it was even put on the application at all), Comenity states that its TPC should not be rejected "based on factual arguments including the possibility that some of the allegations therein may turn out *not to be true*." Def.'s Opp. at 6 (emphasis added).  This is highly suspect, especially because the contract alleged to be at issue between Comenity and Ms. Wasowicz is in the possession of Comenity.[1]  Moreover, in light of *Doherty v. Comenity Capital Bank & Comenity Bank*, in which the plaintiffs there complained of calls made in violation of the TCPA despite not being account holders, but rather relatives of such cardholders, makes Plaintiff Stephens' scenario more likely than not.  *See Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *1 (S.D. Cal. May 9, 2017).  Thus, Comenity's attempt to re-write the facts of the case and make vague allegations against Plaintiff Stephens' daughter should not be allowed.

As to the law, the Ninth Circuit, other circuit courts and the Federal Communications Commission have stated (1) prior express consent is an affirmative defense to TCPA claim and (2) that consumers may revoke consent under the TCPA, which is consistent with

---

[1] Comenity's failure to provide a copy of the contract or otherwise cite the provisions in which it intends to rely on is detrimental to its TPC as the contract and what it says (or doesn't say) is germane.  Thus, to the extent the Court agrees, Plaintiff respectfully requests that it order Defendant to produce the contract and allow further briefing on the matter.

4

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

common law principles governing consent.[2]

In *Meyer v. Portfolio Recovery Assocs.,* the Ninth Circuit held that "prior express consent is consent to call *a particular telephone number* in connection with *a particular debt* that is given before the call in question is placed." *Meyer v. Portfolio Recovery Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (emphasis added).  Plaintiff does not have the burden of demonstrating the lack of "prior express consent."  Rather, based on the January 4, 2008 Federal Communications Commission Declaratory Ruling (the "FCC Ruling"),[3] and because the concept of "prior express consent" is properly understood as an affirmative defense to TCPA liability, the burden of demonstrating "prior express consent" is squarely placed on the entity alleged to have placed calls in violation of the TCPA.  Plaintiffs do not dispute that a party's "prior express consent" to an otherwise unlawful call is an absolute defense to a claim under the TCPA. 47 U.S.C. § 227(b)(l)(A). However, not only must "prior express consent" be clear and unmistakable (*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2012)), recently the FCC reaffirmed that: the *"scope of consent* must be determined upon the facts of each situation." *In re Rules & Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order,* CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, 2015 WL 4387780 (released Jul. 10, 2015) (the "2015 Order") at ¶ 141 (emphasis added); *see also Stemple v. QC Holdings, Inc*., No. 12-cv-1997-CAB WVG, 2013 WL 10870906, at *8 (S.D. Cal. June 17, 2013) (ordering production of "any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term."); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*, No. 10-cv-1012 DMS (BGS), 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011); *Gaines v. Law Offices*

---

[2] Plaintiffs do not contend Comenity had any initial prior express consent to place the calls at issue to their cellphones.  Plaintiffs merely make the argument that even if Defendant had consent (it did not), consent was revoked the minute Plaintiffs informed Comenity it was calling the wrong number and/or to stop calling them.

[3] *In re Rules & Regulations Implementing the TCPA of 1991,* 23 F.C.C.R. 559, 43 (2008).

*of Patenaude & Felix, A.P.C.*, No. 13cv1556-JLA (DHB), 2014 WL 3894348, at *4 (S.D. Cal. June 12, 2014) ("The Court finds the information sought by Plaintiffs is relevant. "Prior express consent" is an affirmative defense that defendants in TCPA cases have the burden to prove...As this defense is likely to be raised as an issue in the certification proceeding, the Court finds Plaintiff's discovery requests are appropriate"); *see also Stemple v. QC Holdings, Inc.*, 2014 WL 4409817, at *9 (S.D. Cal. Sept. 5, 2014) (certifying TCPA class of persons who "were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, . . . for the purpose of collecting or attempting to collect on an alleged debt from the account holder…").

As to the law on revocation of consent, this issue has long been resolved in the Ninth Circuit, as well as other courts, and has most recently been clarified in *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017).  In addressing "whether consent is revocable under the TCPA" in agreeing with the reasoning of other Circuit courts, the Ninth Circuit "agree[d] that the TCPA permits consumers to revoke their prior express consent to be contract by telephone autodialing systems." *Van Patten*, 847 F.3d at 1047-48 (discussing that revocation of consent is consistent with common law principles, "aligns with the purpose of the TCPA" and that the "FCC has stated persuasive guidance implying that consumer may revoke their consent").  *See also Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 272-73 (3rd Cir. 2013); *Munro v. King Broad Co.*, No. C13-1308JLR, 2013 WL 6185233, at *3 (W.D. Wash. Nov. 26, 2013) (collecting cases).

Courts have consistently found that consumers may revoke consent under the TCPA and that such revocation may occur orally, among of means, thus Defendants' TPC wholly lacks merit.  *See Cooper v. Navient Sols., LLC*, No. 8:16-cv-3396-T-30MAP, 2017 WL 14243246, at *1-2 (M.D. Fla. Apr. 21, 2017) (denying defendant's motion for partial summary judgment on the consent issue where Plaintiff *verbally* revoked consent); *Kerner v. ConServe*, No. 16-cv-209-LM, 2017 WL 1025781 (D.N.H. Mar. 16, 2017) (same).  Further, it is Plaintiffs' position that revocation of consent would only be relevant if

Defendant had consent to contact the Plaintiffs (which it did not).

Moreover, as the FCC has stated, by "[s]trengthening the core protections of the TCPA" "[c]allers are liable for robocalls to reassigned wireless numbers when the current subscriber to or customary user of the number has not consented, subject to a limited, one-call exception for cases in which the caller does not have actual or constructive knowledge of the reassignment." 2015 Order at ¶ 2. In the 2015 Order, the FCC also "clarif[ied] that the TCPA requires the consent not of the intended recipient of a call,[4] but of the current subscriber (or non-subscriber customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls." 2015 Order at ¶ 72. Moreover, the FCC "emphasized that the TCPA does not prohibit calls to reassigned wireless numbers, or any wrong number call for that matter. Rather, it prescribes the method by which callers must protect consumers *if they choose* to make calls using an autodialer, a prerecorded voice, or an artificial voice. In other words, nothing in the TCPA prevents callers from manually dialing. Callers could remove doubt by making a single call to the consumer to confirm identity. Even if the consumer does not answer, his or her voicemail greeting might identify him or her." 2015 Order at ¶ 84.[5]

---

[4] "While the Parties raise this issue in the context of calls to reassigned wireless numbers, we include in the discussion of the definition of "called party" robocalls to "wrong numbers," by which we mean numbers that are misdialed or entered incorrectly into a dialing system, or that for any other reasons result in the caller making a call to a number where the called party is different from the party the caller intended to reach or the party who gave consent to be called. Consumers strongly support this broad interpretation. On January 20, 2015, in response to news stories regarding this issue, 69 individuals filed comments in this docket expressing their concern that the Commission not weaken the TCPA's restrictions for "wrong number" calls to wireless numbers. *See*, *e.g*., comments filed on Jan. 20, 2015, by Scott Chapman, Nora Cross, Adam Fischer, Kevin Kretz, Julie Newton, David Scheir, and Michael Worsham; *see also* Letter from 25 National Advocacy Organizations and 55 State and Community Organizations to Tom Wheeler, Chairman, and Commissioners Clyburn, O'Rielly, Pai, and Rosenworcel, Federal Communications Commission, CG Docket No. 02-278 (Jan. 15, 2015); *but see* n. 262, *infra*."
[5] The 2015 Order also provided suggestions on how to monitor for reassigned numbers. *See* 2015 Order at ¶ 86.

Following the facts of the case and the longstanding law on the issue of consent, it is absurd for Comenity to file a TPC and pushes the bounds of Rule 11. A ruling from the court in in *A.D. v. Credit One Bank, N.A.*, No. 1:14-cv-10106 (N.D. Ill) is powerfully instructive as that court addressed the same issue as presently before this Court. In denying a motion for leave to file third party complaint in a TCPA case wherein the defendant wanted to file a complaint against the person who allegedly provided the number called, the court ruled "[a]s Defendant's proposed claim against Plaintiff's motion appears to be a potential defense rather than a claim for relief, Defendant's motion for leave to file third party complaint [32] is denied without prejudice as stated on the record." *See* Wood Decl., at ¶¶ 7-10 and Exhibits 1-2. In *A.D. v. Credit One Bank, N.A.*, the defendant, represented by Carlson and Messer, filed a motion for leave to file third party complaint. *See* Wood Decl., at ¶ 8 and Exhibit 2. The basis of the third party complaint was that the plaintiff's mother had defaulted on a debt and thereafter Credit One began placing calls to a cellphone number believed to be the mother's cellphone, however, the calls actually went to the plaintiff (i.e., the wrong number). *See id.* Based on the third party complaint, the calls were not answered by the plaintiff, except on one occasion in which the plaintiff answered and told Credit One to stop calling. *See id.* No further calls were placed to the number at issue.[6] *See id.* Thus, in response to the plaintiff's TCPA lawsuit, Credit One attempted to pass the blame to the mother via a third party complaint alleging negligence, breach of contract, breach of covenant of good faith and fair dealing, indemnity, declaratory judgment and negligent misrepresentation. *See id.* Here, the facts of Plaintiffs' case are analogous to *A.D.*

---

[6] Of importance, Plaintiffs' case is distinguishable from the Credit One case because Credit One actually stopped calling the plaintiff after it was informed it was calling the wrong number. In stark contrast, both Plaintiffs here make allegations that the calls continued despite clear warning that Comenity was calling the wrong number and to stop calling. Thus, here after Comenity learned it was calling the wrong number, it had actual knowledge and cannot pass the blame. *See Harris v. World Financial Network Nat. Bank*, 867 F. Supp. 2d 888, 901 (2012) (granting partial summary judgment in favor of the plaintiff despite a third party listing his number on a credit application number because the plaintiff never provided consent and also notified the defendants they should stop calling him); *McCaskill v. Navient Solutions, Inc.*, 178 F. Supp. 3d 1281, 1293 (2016) (same).

*Stephens et al v. Comenity, LLC et al.* No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

*v. Credit One Bank, N.A.* Thus, there is no reason this Court should deviate from the ruling in *A.D. v. Credit One Bank, N.A.*

Additionally, and discussed in more detail below, Comenity's decision to only file a complaint against Plaintiff Stephens' daughter is highly suspect.  If Defendant really intended to bring forth claims for indemnification, breach of contract, fraud and negligent misrepresentation, why did it only file such claims against Ms. Wasowicz?  Plaintiff Gulley also complained of receiving calls to his cellphone intended for a third party for which he did not provide consent.  However, Comenity did not file a third party complaint against "Tyra." Its Defendant's inconsistent positions that weakens its arguments and rationale for bringing forth a TPC.

With a clear understanding of the relevant law, Plaintiffs now turn to the specific causes of actions raised by Defendant's TPC (indemnification, breach of contract, fraud and negligent misrepresentation).  As discussed above, each of the causes of action fail as Comenity's prior express consent is properly understood as an affirmative defense.  *See* Def.'s Answer at Dkt. No. 9.  Stated more plainly, to the extent Defendant had the prior express consent of Plaintiffs and the call recipients (the putative class) (which it did not), then Plaintiffs' case would be over on the merits.  Instead, Comenity has put forth a TPC that lacks specificity and is devoid of the basic facts it would need to assert in order to make any colorable claim or argument.

In looking at Comenity's claim for indemnication, "defendant has not actually stated a claim for indemnification but, instead, [it] alleges that "[i]n the event [defendant] is found liable to Plaintiff for damages on the claim presented in Plaintiff's [complaint], such damages are the result of the conduct of [Ms. Wasowicz] … whom [defendant] has no control." *PHR, LLC v. Leland,* No. 07-CV-540-CVESAJ, 2007 WL 4268772, at *3 (N.D. Okla. Nov. 30, 2007) (granting plaintiff's motion to strike third party complaint nothing that the third party complaint was "simply a defense to plaintiff's claims, but [was] not actually an independent claim for indemnification.").  Further, Defendant fails to attach the contract to which it intends to rely or otherwise cite specific language from the contract for which is

9

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY
COMPLAINT

claims Plaintiff breached.  "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."  *Northampton Rest. Grp., Inc. v. FirstMerit* Bank*, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) (citing *Harris v. Am. Postal Workers Union,* 198 F.3d 245 (6th Cir. Oct. 19, 1999) (per curiam); *see In re Anthem, Inc. Data Breach Litig*., 162 F. Supp. 3d 953, 979 (N.D. Cal. 2016) (dismissing breach of contract claim where plaintiff failed to identify in the complaint or otherwise attach the relevant contractual provisions that were allegedly breached.).  The other two causes of action (fraud and negligent misrepresentation) also miss the mark because they fail to meet the heightened pleading standard of Fed. R. Civ. P. 9(d), which in part arises from its failure to attach the contract to the complaint.[7]  Thus, in looking at the facts of Plaintiffs' complaint with relevant TCPA law, Comenity's TPC fails in fact and in law and accordingly, this Court must grant Plaintiffs' motion to strike.

## B. Cases Cited by the Defendant are Distinguishable.

Defendant cites three cases supporting its rationale for filing a TPC.  Each of these cases, however, are distinguishable from Plaintiffs' case or address concerns and issues this Court and the parties will face if Plaintiffs are forced to litigate the matters together.  Each of the three cases cited by defendant, *Osorio v. State Farm, Webb v. Healthcare Revenue Recovery Group, LLC* and *Trindade v. Reach Media Group, LLC* are distinguishable on their face for the simple fact that each of those cases dealt with a single plaintiff bringing forth TCPA claims – unlike Plaintiffs' case in which collectively Plaintiff Stephens and Plaintiff Gulley are seeking to stop Defendant's practice of placing unsolicited phone calls to non-consenting third parties on accounts that are not theirs and do not owe on.  *See also Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *1 (S.D. Cal. May 9, 2017) ( "neither of the Plaintiffs are themselves account

---

[7] Fraud is an "essential element" of a negligent misrepresentation claim. *Scaffidi v. United Nissan,* 425 F.Supp.2d 1159, 1169–70 (D. Nev. 2005). Thus, Fed. R. Civ. P. 9(b) applies to both fraud and negligent misrepresentation.

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY COMPLAINT

1  holders of credit cards that Defendants service; rather they are relatives of such
2  cardholders."). Moreover, unlike the cases cited by the Defendant, in which the calls
3  stopped after notification of the alleged wrong number, here, the calls to the Plaintiffs
4  continued even after Comenity was informed it was calling the wrong number and to stop
5  calling.

6       Additionally, *Osorio v. State Farm, FSB*, 278 F.R.D. 671 (S.D. Fla. 2011) is
7  distinguishable because there the defendant's motion for leave to file a third party complaint
8  was unopposed by the plaintiff. *See* Wood Decl., at ¶ 11 and Exhibit 3. In *Webb v.*
9  *Healthcare Revenue Recovery Group, LLC*, No. 13-cv-737, 2014 WL 2967559 (N.D. Cal.
10 July 1, 2014), while the court did grant leave to file a third party complaint, the court
11 correctly noted that it "ha[d] its own concerns about combining a putative class action trial
12 with a third-party impleader case that raises issues relating only to the named plaintiff and
13 not the class." *Id.* at *2. Plaintiffs here have raised similar concerns, specifically in light
14 of the fact the TPC only raises claims related to one of the plaintiffs, but not both (and it
15 cannot). Last, *Trindade v. Reach Media Group, LLC*, No. 5:12-cv-04759-PSG, 2013 WL
16 3977034 (N.D. Cal. July 31, 2013) is also distinguishable because there the defendant (who
17 "provide[d] advertisers with avenues for marketing their services") sought bring in the
18 individuals (other advertisers) who actually sent the advertisements to groups on non-
19 consenting consumers. Again, this is in stark contrast to Plaintiffs case whereby the only
20 entity actually making the calls, and choosing to do so with automatic dialing equipment
21 and/or prerecorded voice messages, is Comenity. Further, in contrast to the cases cited by
22 Defendant, the *A.D. v. Credit One Bank, N.A.*, No. 1:14-cv-10106 (N.D. Ill) is more closely
23 akin to the facts and issue and was also the most recent case to decide the issue. Thus, this
24 Court should follow the court in *A.D. v. Credit One Bank, N.A.* in granting Plaintiffs'
25 Motion.

26       **C. The TPC is Prejudicial and put Forth Improperly.**

27       In the most basis sense, and obvious from the fact that Defendant did not also file a
28 TPC against "Trya" in relation to the calls Plaintiff Gulley received, Comenity's only true

reason is to harass and intimidate Plaintiff Stephens into dismissing her rightful complaint to protect her daughter from harassment from Comenity. Comenity's actions do nothing to further the purpose of the TCPA to protect consumers from autodialed calls to which they did not provide prior express consent. As the court in *A.D. v. Credit One Bank, N.A.*, No. 1:14-cv-10106 (N.D. Ill) properly recognized, the facts the defendant attempted to bring forth by way of a third party complaint were properly understood as an affirmative defense to plaintiff's claims – not an independent ground for relief against a third party who did not control the manner in which the phone calls were placed (via autodialer and/or with prerecorded/artificial voice messages). Moreover, to the extent the Defendant, represented by counsel, does not have a clear understanding of the applicable law, how is it that a jury will not also be confused. Thus, to allow Comenity to proceed in such a manner would be a vast miscarriage of justice and prejudice the Plaintiffs.

### III.   CONCLUSION

Comenity filed a TPC for improper purpose and its actions should not be allowed. Accordingly, and as argued, Plaintiffs respectfully request this Court to Strike Comenity's TPC (Dkt. No. 20), or alternatively, Plaintiffs sever the third-party causes of action from the present lawsuit. However, should the Court be inclined to deny any part of Plaintiffs' Motion, Plaintiffs respectfully request a ruling be delayed until after the receipt of outstanding discovery from Comenity, or otherwise order the production of the contract, and thereafter allow additional briefing by the Parties or deny Plaintiff's Motion without prejudice for refiling upon completion of relevant discovery. Last, Plaintiffs request that this Court stay the third-party proceedings so that Ms. Wasowicz will not have to file a responsive pleading before the resolution of this Motion.

Dated:  June 16, 2017

By: *s/ Alexis M. Wood*
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive

12

San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

Kevin L. Hernandez
LAW OFFICE OF KEVIN L. HERNANDEZ
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
Telephone: (702) 563-4450
Facsimile: (702) 552-0408

***Attorneys for Plaintiffs and the Proposed Class***

13

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on June 16, 2017, a copy of the foregoing Reply in Support

3    of Motion to Strike and/or Sever Third Party Complaint was filed and served via this

4    Court's Case Management and Electronic Case Filing (CM/ECF) system pursuant to

5    Fed. Civ. P. 5(b)(3) and Local Rule 5-4.

6                                                                 */s/ Alexis M. Wood*

7                                                                 ALEXIS M. WOOD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Stephens et al v. Comenity, LLC et al.*  No. 17-cv-00670
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR SEVER THIRD PARTY
COMPLAINT