UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JENNIFER STEPHENS and CHRISTOPHER GULLEY on behalf of themselves, and all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>COMENITY, LLC dba COMENITY BANK,<br><br>Defendant. | Case No. 2:17-cv-00670-MMD-NJK<br><br>ORDER |
| COMENITY LLC,<br>Third-Party Plaintiff,<br>v.<br><br>JACKIE WASOWICZ, an individual,<br><br>Third-Party Defendant. | |

## I. SUMMARY

Pending before this Court are four motions: Plaintiffs' Motion to Strike or Alternatively Sever the Third Party Complaint and Motion to Stay Filing of Responsive Pleading ("Plaintiffs' Motion to Strike") (ECF No. 28); Defendant's Motion to Stay ("Motion to Stay") (ECF No. 48); Plaintiffs' Motion for Leave to File Supplemental Declaration of Alexis M. Wood ("Motion to Supplement") (ECF No. 79); and Defendant's Motion for Leave to File Counterclaims Against Plaintiff Jennifer Stephens ("Motion to File Counterclaims") (ECF No. 80). The Court has reviewed the parties' respective responses (ECF Nos. 38, 50) and replies (ECF Nos. 39, 57).[1]

---

[1] The Court does not need to wait for full briefing to review the response and reply to Plaintiffs' Motion to Supplement given that the Court grants Plaintiffs' Motion to Strike on other grounds. Similarly, the Court need not wait for full briefing or review of the response and reply to Defendant's Motion to File Counterclaims as this order effectively stays this case. Therefore, the Motion to File Counterclaims is dismissed without prejudice.

For the reasons discussed below, Plaintiffs' Motion to Strike and Defendant's Motion to Stay are granted, and Plaintiffs' Motion to Supplement and Defendant's Motion to File Counterclaims are denied.

## II. BACKGROUND

Plaintiffs Jennifer Stephens and Christopher Gulley initiated this class action based on violations of the Telephone Consumer Privacy Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, against Defendant Comenity LLC d/b/a Comenity Bank ("Comenity" or "Defendant") on March 6, 2017. (ECF No. 1.) Plaintiffs filed their first amended complaint ("FAC") on July 27, 2017. (ECF No. 46.) The following facts are taken from the FAC.

Plaintiffs allege that they do not have any credit cards associated with Comenity and, as a result, neither Plaintiff has provided their cell phone number to Defendant. However, both Plaintiffs purportedly received calls from Defendant. When Plaintiffs answered a call, there was a prolonged silence and delay prior to being connected to a live representative. Plaintiffs requested that Defendant stop calling their cell phones, but the calls continued. Plaintiffs purport to represent a class consisting of "persons within the United States who: (1) received a telephone call from Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or prerecorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint through the date of final approval." (ECF No. 46 at ¶ 37.)

Plaintiffs bring two claims: one for negligent violations of the TCPA and the other for knowing and/or willful violations of the TCPA.

On April 25, 2017, Defendant filed its Third Party Complaint ("TPC") against Jackie Wasowicz. (ECF No. 20.) In the TPC, Defendant alleges that Wasowicz, who is Plaintiff Stephens' daughter, provided Stephens' phone number as her own and indicated that Defendant could contact Wasowicz at that number to discuss her account. Defendant
///

brings four claims against Wasowicz for indemnification, breach of contract, fraud and negligent misrepresentation.

### III. PLAINTIFFS' MOTION TO STRIKE (ECF No. 28)

Plaintiffs move for an order striking the TPC against Wasowicz pursuant to Fed. R. Civ. P. 12(f) and 14(a) or, in the alternative, to either sever the TPC or stay the third party proceedings against Wasowicz so that she does not have to file a responsive pleading.[2] (ECF No. 28 at 2.) The Court agrees with Plaintiffs as to their first argument that the TPC should be stricken.

#### A. Legal Standard

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party complaint must assert that "the third party's liability is in some way dependent on the outcome of the main claim" and is "secondary or derivative" to the third-party plaintiff's liability in the primary action. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). When deciding whether to allow a third-party complaint to proceed, the court must "consider whether the proposed third-party complaint alleges a cause of action for which relief may be granted." *See Helferich Patent Licensing, LLC v. Suns Legacy Partners*, LLC, Lead Case No. CV 11-2304-PHX-NVW, 2013 WL 68610, at *2 (D. Ariz. Jan. 7, 2013); *see also Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1057-58 (N.D. Cal. 2000) ("It makes no sense to permit such a potentially prejudicial expansion of the case at the expense of [the plaintiffs], if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants."). Regardless, however, "[t]he decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *One 1977 Mercedes Benz*, 708 F.2d at 452. Thus, a court should determine whether judicial efficiency will be promoted "by eliminating the necessity for the defendant to bring a separate action

---

[2] Wasowicz is currently not represented by counsel. Therefore, it is unclear why Plaintiffs' Motion to Strike makes this argument on her behalf.

3

against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In making this determination, a court may consider four factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin*, 94 F. Supp. 2d at 1056 (citing *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439-40 (3d Cir. 1971)).

## B.     Discussion

Despite the timeliness of the TPC, the Court finds that impleader is improper for three reasons: (1) Wasowicz's liability for the TPC's breach of contract, fraud, and negligent misrepresentation claims are in no way dependent upon Defendant's liability under the TCPA, and Wasowicz's liability for the TPC's indemnification claim is dependent on only those calls made to Plaintiff Stephens and not to Plaintiff Gulley or the purported class members; (2) the likelihood that jurors would be distracted or confused by a "mini-trial" as to whether Wasowicz gave Defendant consent to contact the cell phone number of Plaintiff Stephens; and (3) the lack of prejudice to and ability of Defendant to bring a subsequent action on all four claims if Defendant is found liable in the original action.

As Defendant notes in their opposition, where a separate action would invite duplicative review of the facts and law and risk inconsistent judgments with the original action, then impleader is appropriate. (*See* ECF No. 38 at 3 (citing *China Energy Corp. v. Hill*, No. 3:13-cv-562-MMD-VPC, 2014 WL 12647734, at *3 (D. Nev. June 13, 2014)).) Here, three of the four claims brought in the TPC do not require resolution of Plaintiffs' TCPA claims or analysis of the facts underlying them. These claims in the TPC—breach of contract, fraud, and negligent misrepresentation—relate only to obligations Wasowicz purportedly owed to Defendant in her consumer transaction with it and require resolution of areas of law not related to the TCPA. Moreover, these claims require an analysis of Wasowicz's actions in dealing with Defendant whereas the claims in the original action

require an analysis of Defendant's actions in dealing with Plaintiffs. Thus, the only claim in the TPC that may invite duplicative review of the facts and law and risk inconsistent judgments is the TPC's indemnification claim. In the original action, the question presented appears to be whether Stephens herself gave prior express consent to be contacted by Defendant for any one of the calls she received. By contrast, to determine whether Wasowicz is liable to Defendant for any of the calls placed to Plaintiff Stephens, the Court would have to ask the separate question of whether Wasowicz expressly gave Stephens' phone number as her own phone number (or a number at which she could be contacted) to Defendant and whether this amounts to "prior express consent" to contact Stephens under the meaning of the TCPA.[3] Moreover, even if a jury found that Wasowicz was not liable for Defendant's calls to Stephens, this would not necessarily be inconsistent with a finding that Defendant was liable to Stephens.[4] There are myriad factual situations that may prove Wasowicz did not cause Defendant's actions against Stephens, any of which may be proven without rendering an inconsistent judgment.

Secondly, this is a purported class action. Therefore, in the event class certification occurs, any effort expended by Defendant at trial presenting evidence or testimony regarding whether Wasowicz breached her obligations to Defendant and misrepresented that Stephens' number was her own will muddy the issues that are pertinent to the entire class. For instance, jurors may wrongly infer that evidence indicating Wasowicz gave consent to be contacted at Stephens' number is an example as to why other class

---

[3] In their Motion to Strike, Defendant points to a provision in the Account Agreement stating "[if] [Defendant needs] to contact you to service your Account or to collect amounts you owe to us, you give direct consent to us . . . to communicates with you in any way . . . via any number you provide [or] use to contact us . . ." (ECF No. 70 at 3.) In spite of this provision, it is unclear whether "direct consent" is synonymous with "express prior consent" in the TCPA. In fact, in Plaintiffs' Motion to Strike they point out that the TCPA requires *express* consent for each call made to a consumer, not implicit consent which may have occurred here based on the TPC's allegations that Wasowicz made false representations in a credit card application. (*See* ECF No. 28 at 11.)

[4] Based on the allegations in the TPC, inconsistent rulings may result if Defendant is not found to be liable for Stephens' injuries but Wasowicz is found to be liable for indemnification of those injuries. Hence, it would be more appropriate for Defendant to bring a subsequent action in the event Defendant is found liable for Stephens' injuries.

members were contacted about credit cards they did not in fact own when, in actuality, their cell phone numbers may have been reassigned from one of Defendant's actual customers.

Finally, in the event Plaintiffs are successful in the original action, there is no evidence that there will be prejudice to Defendant if it brings a subsequent, separate action against Wasowicz.

Therefore, Plaintiffs' Motion to Strike is granted.

**IV.   PLAINTIFFS' MOTION TO SUPPLEMENT (ECF No. 79)**

Plaintiffs move for leave to file the supplemental declaration of Alexis M. Wood in support of their Motion to Strike. However, the Court resolved Plaintiffs' Motion to Strike without the need to consider this supplemental declaration. Moreover, the purpose of filing the supplement is to buttress Plaintiffs' contention that the TPC is meritless, which is not a consideration the Court need make when deciding whether to strike a third-party complaint. Therefore, the Motion to Supplement is denied.

**V.   MOTION TO STAY (ECF No. 48)**

Defendant argues that the Court should stay the proceedings in this action until the D.C. Circuit Court of Appeals issues a decision in *ACA International v. Federal Communications Commission* ("*ACA*"), No. 15-1211, regarding the Federal Communication Commissions' ("FCC") 2015 declaratory ruling and order ("2015 Omnibus Order" of "2015 Order"). The Court agrees and finds that a complete stay of the case is warranted.

**A.   Legal Standard**

A court's power to stay proceedings is incidental to its inherent power to manage its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Proceedings may be stayed "pending resolution of independent proceedings which bear upon the case.*" Levya v. Certified Grocers of California*, *Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether a stay is appropriate, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55; *see also Lockyer v. Mirant Corp.*, 398 F.3d

1098, 1110 (9th Cir. 2005). These competing interests include: (1) possible damage resulting from granting a stay; (2) hardship or inequity to a party if the proceedings go forward; and (3) simplification or complication of issues, proof and questions of law from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### B. Discussion

The TCPA makes it unlawful for any person "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to cell phones without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). *ACA* is a consolidation of various petitions requesting, among other things, that the 2015 Omnibus Order's definition of ATDS be vacated. (ECF No. 48 at 2.) The petitioners in *ACA* are challenging three aspects of the 2015 Omnibus Order: the definition of "capacity"; the definition of "called party" and the accompanying one-call safe harbor rule; and the expansive view on how consumers may revoke "prior express consent." Brief of Petitioners, ACA International et al. v. Federal Communication Comm'n, No. 15-1211 (D.C. Cir. Nov. 25, 2015).

Defendant argues that two of the disputed issues in *ACA* are also at issue in this case: first, whether TCPA's "automated telephone dialing system" ("ATDS") is "limited to equipment that has the present ability to dial random or sequential numbers, or also includes equipment that has the potential ability to do so"; and, second, whether the TCPA's "prior express consent of the called party" means "consent provided by the 'intended recipient' of a call, or instead is limited to the called number's subscriber or customary user." (ECF No. 48 at 2.) Thus, resolution of these issues would, according to Defendant, greatly simplify if not completely resolve the issues in this case. (*Id*. at 7-9.) Defendant also argues that the only harm to Plaintiffs would be a "temporary delay in pursuing their requested relief" of damages. (*Id*. at 5.) Finally, Defendant contends that in the absence of a stay it "would be required to spend significant time and resources defending this [case]." (*Id*. at 6.)

///

In opposition, Plaintiffs argue, *inter alia*, that the outcome of the appeal in *ACA* will not impact the issues in this case because the 2015 Omnibus Order merely reiterated well-established FCC rulings, and, as a result, the Court is "bound by the FCC's repeated rulings" as well as well-established law regarding the definition of "ATDS" and "called party." (ECF No. 50 at 2-3.) Plaintiffs also point out that they are basing their class action suit on two legal theories: Defendant's utilization of an artificial or prerecorded voice and its use of an ATDS, ostensibly making the legal issues in this case distinguishable from those in *ACA*. (*See id.* at 3, 6.) Finally, Plaintiffs highlight the need to conduct factual discovery, which they should not be precluded from doing given that *ACA*'s potential decisions are on questions of statutory interpretation. (*See id.* at 3.)

After consideration of the parties' arguments, the reasoning of other courts to address this issue, and the issues in *ACA*, the Court finds a stay is appropriate.

First, a stay would likely be limited in duration. Defendant suggests that a decision in *ACA* is "likely imminent given that the appeal is fully briefed and was argued in October 2016." (ECF No. 48 at 6.) While Plaintiffs state that Defendant is ultimately asking for an indefinite stay (*see* ECF No. 50 at 2, 3), the Court disagrees. The cases cited by Plaintiffs for the proposition that a stay would be indefinite were decided in mid-2016 and early 2017, and in those cases the courts appear to have weighed other considerations in determining that a stay was not warranted. (*See id.* at 12, 15.) Moreover, in this case, once a written decision is issued in *ACA*, the stay will be automatically lifted, even if the decision is ultimately petitioned to the United States Supreme Court. *See Lilly v. Synchrony Fin.*, No. 2:16-cv-2687-JCM-VCF, 2017 WL 1370698, at *1 (D. Nev. Apr. 7, 2017) ("The D.C. Circuit has yet to issue its decision and any claim that said decision will be appealed to the Supreme Court is speculation").

Second, Plaintiffs contend that factual discovery should proceed because development of the underlying facts of this case will not be affected by a ruling in *ACA*. Defendant, however, contends that because the purported class representatives were not called using an artificial or prerecorded voice and the phones used to call them required

human intervention—unlike an ATDS—a ruling in *ACA* that narrows the definition of an ATDS would affect the outcome of this case. (*See* ECF No. 57 at 4-.5) Because the result of *ACA* will be binding on this Court, *see Peck v. Cingular Wireless, LLC*, 535 F.3d 1053, 1057 (9th Cir. 2008), if the effect of the D.C. Circuit's decision narrows the definition of an ATDS then this may preclude factual discovery on a class-wide basis for purposes of class certification. Thus, even limited factual discovery should not go forward until a decision in *ACA* is issued.[5] Moreover, a delay in factual discovery will not harm Plaintiffs, as they seek damages on behalf of a purported class that has yet to be certified and Plaintiffs' request for prospective injunctive relief does not appear to be applicable to the class representatives who no longer receive calls from Defendant (*see* ECF No. 46 at 12).

Third, the two issues raised in the *ACA* appeal that Defendant points to—whether an ATDS includes only the present ability to dial random or sequential numbers or whether the definition includes the potential ability to do so and whether "called party" means "intended recipient" or "subscriber/customary user"—are key issues in this case. The 2015 Omnibus Order defines an ATDS to include those pieces of equipment that have the potential ability to be modified to satisfy the definition of "ATDS" in addition to those pieces of equipment that presently act as an ATDS. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, at ¶¶ 16, 18 & 19 (F.C.C. 2015). Defendant contends that the phones used to call Plaintiffs do not presently amount to an ATDS (*see* ECF No. 57 at 4-5), but based on the facts as alleged it is not clear whether the equipment used by Defendant may be modified to satisfy the definition of an ATDS by, for instance, adding the use of a certain kind of

---

[5]Plaintiffs ask that, in the event a stay is granted, the Court still permit written discovery to proceed. (ECF No. 50 at 15.) However, in a purported class action based on violations of the TCPA, where there is no genuine dispute of material fact as to the class representatives and as a matter of law neither an ATDS nor an artificial or prerecorded voice was used to contact the class representatives, the action may be resolved without the need to address the matter of class certification. *See Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) ("it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment . . . prior to ruling on class certification").

software. Thus, a decision regarding whether the 2015 Omnibus Order's "potential capacity" definition is arbitrary and capricious may limit the issues in this case. To the extent Plaintiffs' FAC contains allegations that Defendant used an artificial or prerecorded voice (ECF No. 46 at ¶ 30), Plaintiffs' opposition to the Motion to Stay does not provide any facts to indicate that the purported class representatives were called with the use of an artificial or prerecorded voice. For that reason, the Court finds that the definition of an ATDS is highly relevant to the issues at this stage of the case.

The 2015 Omnibus Order also defined "called party" as the "subscriber" or "customary user" of a number and dealt with the issue of reassignment of numbers—where an individual's phone number is transferred to a new individual—by allowing callers only "one call" to determine if reassignment had occurred before being subject to the TCPA's penalties. 2015 Order, at ¶¶ 73-79, 89-90. In this case, it is unclear how many calls occurred before Defendant was made aware that the "subscriber" or "customary user" of the cell phone number was not one of its customers. If the D.C. Circuit was to find that the one-call safe harbor is too restrictive and that the definition of "called party" is unreasonable, then this would impact the issues in this case as well as the extent of damages.

Finally, the Court disagrees with Plaintiffs that in the event the decision in *ACA* invalidates the 2015 Omnibus Order, this Court may still fall back on prior FCC rulings regarding the definition of "ATDS" or other courts' interpretations of "called party", which Plaintiffs' deem is a "non-technical statutory term." (*See* ECF No. 50 at 4-6, 5-9.) First, the 2015 Omnibus Order incorporates by reference prior definitions of "ATDS"; therefore, it is unclear if invalidation of the 2015 Order would have any effect on those prior definitions, particularly considering the fact that the petitioners in *ACA* challenge the scope of FCC's authority to define the term. Second, the FCC specifically stated in the 2015 Order that they have the authority to clarify the meaning of "called party." 2015 Order, at ¶ 77. Thus, it appears that at present the term is not a "non-technical statutory term" that courts may interpret as a matter of plain language, and a stay is appropriate to

allow the D.C. Circuit to determine if FCC's interpretation of "called party" is unreasonable.

Therefore, Defendant's Motion to Stay is granted.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Plaintiffs' Motion to Strike (ECF No. 28) is granted. The Clerk is instructed to strike Defendant's Third Party Complaint (ECF No. 20) from the record.

It is further ordered that Defendant's Motion to Stay (ECF No. 48) is granted. This case is stayed pending the D.C. Circuit's decision in *ACA*. The parties are directed to file a joint status report within seven (7) days of the D.C. Circuit's decision.

It is further ordered that Plaintiffs' Motion to Supplement (ECF No. 78) is denied.

It is further ordered that Defendant's Motion to File Counterclaims (ECF No. 80) is denied without prejudice and with leave to refile after the stay in this case is lifted.

DATED THIS 8th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE